IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOHN WETTSTEIN, | No. CV 11-05484 CRB |
| Plaintiff, | **ORDER VACATING SUMMARY JUDGMENT HEARING** |
| v. | |
| CITY AND COUNTY OF SAN FRANCISCO ET AL., | |
| Defendants. | |

    Defendants have moved for summary judgment on all claims. See dkt. 51. The merits of this case turn in significant part on conversations between Defendant Officer Jacob Fegan and a confidential informant. Plaintiff John Wettstein's opposition to the motion for summary judgment argued, in part, that he "cannot present facts essential to justify [his] opposition," Fed. R. Civ. P. 56(d), because he needs further discovery regarding (1) the statements made by the confidential informant to Officer Fegan, and (2) allegations of unrelated misconduct concerning Officer Fegan implicating his credibility. See dkt. 73.

    Prior to the motion for summary judgment, Wettstein filed a motion to compel discovery related to those issues, dkt. 24, which a Magistrate Judge granted in part and denied in part, dkt. 42. Unsatisfied with the scope of the permitted discovery, Wettstein objected to the Magistrate Judge's Order, arguing that it was clearly erroneous and contrary to law. See Fed. R. Civ. P. 72; dkt. 46. After further discovery (and without any ruling by

this Court on the objections), Wettstein filed a second motion to compel–this time limiting the motion to information concerning the confidential informant, see dkt. 48.

The Court concludes that Officer Fegan's credibility and the confidential informant's interactions with Officer Fegan are central to this case, and that the outcome of the pending summary judgment motion could change if new information regarding those issues surfaced. Whether Wettstein is entitled to additional discovery on those issues–and if he is, whether it will result in production of relevant evidence–will not be clear until final resolution of the pending discovery disputes.

Wettstein's motion to compel is scheduled for a hearing on April 9, 2013, and the Court will promptly resolve objections, if any, to the Magistrate Judge's order following that hearing. The Court will then reevaluate whether new or additional summary judgment briefing is appropriate.

**IT IS SO ORDERED.**

Dated: March 29, 2013

CHARLES R. BREYER
UNITED STATES DISTRICT JUDGE

G:\CRBALL\2011\5484\order vacating hearing.wpd       2