IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOHN WETTSTEIN,<br><br>    Plaintiff,<br><br>v.<br><br>CITY AND COUNTY OF SAN FRANCISCO ET AL.,<br><br>    Defendants.<br>_____ / | No. CV 11-05484 CRB<br><br>**ORDER DENYING MOTION FOR RELIEF FROM NONDISPOSITIVE PRETRIAL ORDER OF MAGISTRATE JUDGE** |

       Plaintiff John Wettstein alleges that San Francisco police officers arrested and strip searched him without probable cause. The merits of this case turn in significant part on conversations between Defendant Officer Jacob Fegan and a confidential informant. Wettstein wants to depose the confidential informant, and now seeks relief from a pretrial order by a Magistrate Judge (dkt. 94) permitting him to depose the informant by telephone about the incident in question. In Wettstein's view, he should be permitted to depose the informant in person about a range of topics besides the incident with Wettstein. See Mot. for Relief (dkt. 96).

       In response to an earlier motion to compel, the Magistrate Judge ordered Wettstein to meet and confer with Defendants about a way for Wettstein to obtain more information about the confidential informant's role in the case through written discovery. See Ex. D to Russi Decl. (dkt. 60-4) (hearing transcript) at 15, 20, 21. Unsatisfied with the scope of the permitted discovery–and without pursuing the additional written discovery permitted by the

Magistrate Judge–Wettstein objected to the Magistrate Judge's Order, arguing that it was clearly erroneous and contrary to law. See Fed. R. Civ. P. 72; dkt. 46.

After further discovery (and without any ruling by this Court on the objections), Wettstein filed a second motion to compel, this time limiting the motion to information concerning the confidential informant. See dkt. 48. The Magistrate Judge ordered that Wettstein could depose the informant by telephone on the single issue of the informant's involvement in the incident with Wettstein. See dkt. 92. The Magistrate Judge also ordered that the deposition could be videotaped for possible in camera review at a later date in the event of any disputes about the conduct of the deposition. Id.

Wettstein now argues that the Magistrate Judge's order was "clearly erroneous" and "contrary to law," Fed. R. Civ. P. 72(a). His argument boils down to the accurate observation that an in-person deposition would be more useful to him, but that is beside the point; he has a legitimate interest in obtaining the most useful information for his case, and Defendants have a legitimate interest in protecting the safety of the confidential informant and the flow of information between informants and law enforcement   The Magistrate Judge's task was to balance those interests, see, e.g., United States v. Sai Keung Wong, 886 F.2d 252, 255-56, which is exactly what the Magistrate did.

Nor was the Magistrate's decision to limit the scope of the deposition clearly erroneous or contrary to law. As the Magistrate noted at the hearing, Wettstein has already been provided extensive written discovery concerning the informant's background, and he declined to take advantage of an opportunity to secure additional written discovery regarding subjects outside of the incident with Wettstein. Also, additional areas of questioning could have resulted in the release of identifying information about the informant. See Hr'g, Ex. A to dkt. 96, at 4, 7-8, 10.

To the extent Wettstein seeks to revisit the Magistrate's earlier rulings regarding discovery of information concerning certain prior incidents of alleged misconduct involving Officer Fegan, see Mot. at 5 n.1, the Court has reviewed the Magistrate's order denying

discovery on those incidents, see dkt. 42, and the Court concludes that they are neither clearly erroneous nor contrary to law.

Accordingly, Wettstein's motion for relief is DENIED. He shall conduct the deposition contemplated by the Magistrate Judge's order within 30 days of the date of this Order. He may then file a supplemental brief of no more than five pages concerning the pending motion for summary judgment on or before July 5, 2013. Defendants may respond in a brief of no more than five pages on or before July 12, 2013. The summary judgment motion shall be heard in Department 6, 450 Golden Gate Avenue, San Francisco, on August 2, 2013, at 10:00 a.m.

**IT IS SO ORDERED.**

Dated: May 28, 2013

CHARLES R. BREYER
UNITED STATES DISTRICT JUDGE